**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4249**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS HERMAN MORRIS,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge. (8:10-cr-00029-PX-1)

Submitted: December 26, 2019                     Decided: January 7, 2020

Before MOTZ, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Cullen Macbeth, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant. Robert K. Hur, United States Attorney, Baltimore, Maryland, Dwight J. Draughon, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Herman Morris appeals the district court's judgment revoking his supervised release and imposing a sentence of 12 months in prison, which the court ordered to run consecutively to the sentence imposed on a new conviction of possessing a firearm and ammunition as a felon. On appeal, Morris asserts that his revocation sentence is plainly unreasonable because the district court improperly placed excessive weight on the wrong factors and failed to adequately address a nonfrivolous argument for imposing a concurrent sentence, rather than a consecutive one. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.* (citation omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2012)] factors." *Id.* (footnotes omitted); *see* 18 U.S.C. § 3583(e) (2012) (specifying § 3553(a) factors relevant to supervised release revocation). "[A] revocation sentence is substantively reasonable if the court sufficiently state[s] a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (internal quotation marks omitted).

2

Only if a sentence is either procedurally or substantively unreasonable do we determine whether the sentence is plainly unreasonable. *Id.* at 208.

We have reviewed the record and conclude that the district court relied on appropriate factors, addressed Morris' nonfrivolous arguments for a different sentence, and adequately justified the selected sentence. Morris' 12-month consecutive sentence is not unreasonable and, therefore, not plainly so. Accordingly, we grant Morris' motion for this court to take judicial notice of various documents in the record and affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*